O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA JUDITH VAN BEVEREN, an individual, and MARIA DEMAREST, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>WACHOVIA MORTGAGE, FSB, a corporation, ASSOCIATED WHOLESALE LENDINGS, an unknown, business entity; DAVID ORTIZ SALAZAR, an individual; CYNTHIA SALAZAR, an individual; ERIC KELLER, an individual,<br><br>Defendants. | Case No. CV 10-00016 DDP (RCx)<br><br>**ORDER (1) DENYING PLAINTIFF'S REQUEST FOR STAY AND (2) GRANTING DEFENDANT'S MOTION TO DISMISS**<br>[Motion filed on February 10, 2010] |

This matter comes before the Court on a Motion to Dismiss filed by Wachovia Mortgage, FSB ("Defendant").

Dora Judith Van Beveren and Maria Demarest ("Plaintiffs") filed this suit in Los Angeles Superior Court on November 17, 2009. Defendants timely removed. Plaintiffs' Complaint alleges various causes of action premised on alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq., relating to a mortgage transaction. Defendant removed on January 4, 2010.

On February 10, 2010, Defendant filed a motion to dismiss the Complaint in its entirety, noticing a hearing date of March 22, 2010.  The hearing date was later continued to March 12, 2010, pursuant to a stipulation between the parties.

Central District of California Local Rule 7-9 requires that the non-moving party must file either an opposition or a statement of non-opposition to the motion by no later than twenty-one days before the date designated for the hearing of the motion.  C.D. Cal. L.R. 7-9.  Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  C.D. Cal. L.R. 7-12.  Pursuant to the local rules, Plaintiffs' opposition to Defendant's motion was due no later than March 22, 2010.

Plaintiff failed to file an opposition.  Instead, on March 24, 2010, Plaintiffs filed a notice informing the Court that they had filed petitions for bankruptcy and requesting that the Court stay this action.  The automatic stay provision of the bankruptcy code requires that, with few exceptions, a bankruptcy petition "operates as a stay" of "the commencement or continuation . . . of a judicial, administrative or other action or proceeding <u>against the debtor</u> that was or could have been commenced before the commencement of the case under this title . . . ."  11 U.S.C. §§ 362(a), (a)(1).  However, § 362 does not apply to "a claim by, not against, the debtor," because "its successful prosecution would 'inure to the benefit of the bankruptcy estate.'" <u>Parker v. Bain</u>, 68 F.3d 1131, 1138 (9th Cir. 1995) (quoting <u>Carley Capital Group v. Fireman's Fund Ins. Co.</u>, 889 F.2d 1126, 1127 (D.C. Cir. 1989) (per

2

1 curiam)).  For this reason, the Court will not stay Plaintiffs'
2 suit against Defendant.
3      The Court deems Plaintiffs' failure to oppose Defendant's
4 motion as consent to granting the motion.  Therefore, the Court
5 DENIES Plaintiff's request for a stay, GRANTS Defendant's motion,
6 and DISMISSES WITH PREJUDICE Plaintiff's Complaint.
7 IT IS SO ORDERED.

10 Dated: April 13, 2010

   DEAN D. PREGERSON
11                                 United States District Judge